UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL S. FRENCH, | Case No. 3:15-cv-00060-HDM-WGC |
| Petitioner, | ORDER |
| v. | |
| ROBERT LEGRAND, et al., | |
| Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Michael S. French's *pro se* petition as untimely (ECF No. 13). French opposed (ECF No. 16). As discussed below, respondent's motion shall be denied.

I.   **Background**

This habeas petition is a consolidation of two separate § 2254 petitions wherein French claims that in state cases C210436 and C210579 his guilty pleas were not entered knowingly, intelligently and voluntarily in violation of his Fourteenth Amendment rights (ECF Nos. 7, 12; *see also* ECF Nos. 5, 11).

In C210436, French pleaded guilty to count 1: burglary; counts 2, 3, and 4: robbery; and counts 5 and 6: robbery with the use of a deadly weapon (exhibit 1 to respondents' motion to dismiss).[1] The state district court sentenced him as follows:  count 1 -- two to five years; count 2 – two to five years, concurrent with count 1; counts 3 and 4 – a term

---
[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 13, and are found at ECF No. 15.

1

of two to five years on each count, consecutive; and counts 5 and 6 – a term of two to five years on each count with an equal and consecutive term of two to five years on each count for the deadly weapon enhancement, consecutive. Exh. 3. Thus, the effect of the total sentence structure was seven consecutive terms of two to five years. *Id*. Judgment of conviction was entered on August 10, 2005. *Id*.

In C210579, French pleaded guilty to count 1: burglary; counts 2, 3, and 5: robbery with the use of a deadly weapon; and count 4: attempted robbery with the use of a deadly weapon. Exh. 2. The state district court sentenced him as follows: count 1 – two to five years; counts 2, 3, and 5 – a term of two to five years on each count plus an equal and consecutive term of two to five years on each count for the deadly weapon enhancement; and count 4 – a term of twelve to thirty months plus an equal and consecutive term of twelve to thirty months for the deadly weapon enhancement. Exh. 4. Count 1 was to run concurrently with count 2, all other terms to run consecutively. *Id.* Thus, the effect of the total sentence structure was six terms of two to five years and two terms of twelve to thirty months. *Id*. The state district court ordered that French serve the sentences in this case concurrently with C210436. *Id*. Judgment of conviction was entered on August 9, 2005. *Id*.

French did not file any direct appeal. On June 18, 2014, he filed a motion to withdraw guilty plea for each case. Exhs. 6 and 7. He also filed a motion for modification of sentence for each case on the same day. Exhs. 8 and 9. French claimed that he was discussing his sentence structure with a caseworker on April 30, 2014, and asked about what sentence he was currently serving (*see* ECF No. 7, pp. 6-7). His caseworker showed him a Nevada Department of Corrections (NDOC) printout of the calculation of his sentences, and he contends that he discovered at that time that the NDOC has his sentences structured so that he will serve eight two to five-year sentences instead of what amounts to seven two to five-year sentences dictated by his judgments of conviction. *Id.*

On December 11, 2014, the Nevada Supreme Court affirmed the state district court's denial of the two motions in each case in two separate orders (ECF No. 7, pp. 13-15; ECF No. 12, pp. 13-15).  The state supreme court concluded that to the extent that French claimed that the plea agreement had been breached, his motion was untimely, and he failed to demonstrate good cause to excuse his procedural defects. *Id*. at 14.  The Nevada Supreme Court observed that French's sentences were structured in 2005.  The state supreme court stated that the fact that French "just thought to ask about his sentence structure in 2014," does not provide good cause for the delay. *Id*. at n.2.  Remittitur issued on January 6, 2015 (ECF No. 7, p. 17; ECF No. 12, p. 17).

French dispatched his two federal habeas petitions for mailing on January 23, 2015 (ECF Nos. 7, 12).  This court consolidated the cases (ECF No. 5).  Respondents have moved to dismiss the petition as time-barred (ECF No. 13).

II.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  The time limitation can also run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. § 2244(d)(1)(D).  Further, a properly filed petition for state postconviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

III.    Instant Petition

French claims that he did not enter knowing, intelligent and voluntary pleas in violation of his Sixth and Fourteenth Amendment rights when the State breached the terms of the plea agreements (ECF No. 7, 12).  He alleges that the plea agreement and the judgments of conviction reflect that he should serve seven two to five-year terms but

instead he is serving eight two to five-year terms.  He clarifies that his claim is that NDOC "breached" the plea agreement by its incorrect computation of his sentences (*see* ECF No. 16, pp. 6-8).  French sets forth specific factual allegations that he first learned about NDOC's alleged incorrect sentence computation inadvertently on April 30, 2014 (ECF Nos. 7, 12, p. 6).  Respondents acknowledge that the NDOC may have misstructured the sentence, but they argue that that is not French's claim in this case (ECF No. 13, p. 5, n.2).  This court disagrees (*see* ECF No. 16).  Moreover, this court concludes that under these circumstances the AEDPA one-year limitations period runs from April 30, 2014, the date that French learned of the alleged sentence misstructure.  § 2244(d)(1)(D).  The federal petition, dispatched for filing on January 23, 2015, is therefore, timely.

Accordingly, respondents' motion to dismiss the petition as time-barred is denied. Respondents shall file an answer responding to French's claim that the NDOC has incorrectly structured his sentence.

IV. Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition as time-barred (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that within **forty-five (45) days** of the date of this order, respondents shall file their answer to the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of service of the answer to file his reply, if any.

DATED: 17 August 2016.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE