UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL S. FRENCH,

Petitioner,

v.

ROBERT LEGRAND, et al.,

Respondents.

Case No. 3:15-cv-00060-HDM-WGC

ORDER

*Pro se* 28 U.S.C. § 2254 habeas petitioner Michael S. French's petition comes before the court for final disposition on the merits. Respondents have answered the petition (ECF No. 19); French did not file a reply.

**Procedural History & Background**

This habeas petition is a consolidation of two separate § 2254 petitions wherein French frames his claim as an assertion that in state cases C210436 and C210579 his guilty pleas were not entered knowingly, intelligently and voluntarily in violation of his Fourteenth Amendment rights (ECF Nos. 7, 12; *see also* ECF Nos. 5, 11). The gravamen of his claim, however, is that NDOC has incorrectly structured his sentences with the result that he will serve eight 24 to 60-month sentences instead of seven 24 to 60-month sentences as dictated by his judgments of conviction.

In C210436, French pleaded guilty to count 1: burglary; counts 2, 3, and 4: robbery; and counts 5 and 6: robbery with the use of a deadly weapon (exhibit 1 to respondents'

1

motion to dismiss).[1] The state district court sentenced him as follows: count 1 -- two to five years; count 2 – two to five years, concurrent with count 1; counts 3 and 4 – a term of two to five years on each count, consecutive; and counts 5 and 6 – a term of two to five years on each count with an equal and consecutive term of two to five years on each count for the deadly weapon enhancement, consecutive. Exh. 3. Judgment of conviction was entered on August 10, 2005. *Id*.

In C210579, French pleaded guilty to count 1: burglary; counts 2, 3, and 5: robbery with the use of a deadly weapon; and count 4: attempted robbery with the use of a deadly weapon. Exh. 2. The state district court sentenced him as follows: count 1 – two to five years; counts 2, 3, and 5 – a term of two to five years on each count plus an equal and consecutive term of two to five years on each count for the deadly weapon enhancement; and count 4 – a term of twelve to thirty months plus an equal and consecutive term of twelve to thirty months for the deadly weapon enhancement. Exh. 4. Count 1 was to run concurrently with count 2, all other terms to run consecutively. *Id.* The state district court ordered that French serve the sentences in this case concurrently with C210436. *Id*. Judgment of conviction was entered on August 9, 2005. *Id*.

French did not file a direct appeal. On June 18, 2014, he filed a motion to withdraw guilty plea for each case. Exhs. 6 and 7. He also filed a motion for modification of sentence for each case on the same day. Exhs. 8 and 9. French claimed that he was discussing his sentence structure with a caseworker on April 30, 2014, and asked about what sentence he was currently serving (*see* ECF No. 7, pp. 6-7). His caseworker showed him a Nevada Department of Corrections (NDOC) printout of the calculation of

---

[1] Except where otherwise noted, exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 13, and are found at ECF No. 15.

2

his sentences, and he contends that he discovered at that time that the NDOC has his sentences structured so that he will serve eight 24 to 60-month sentences instead of seven 24 to 60-month sentences as dictated by his judgments of conviction. *Id.*

On December 11, 2014, the Nevada Supreme Court affirmed the state district court's denial of the two motions in each case in two separate orders (ECF No. 7, pp. 13-15; ECF No. 12, pp. 13-15). The state supreme court concluded that, to the extent that French claimed that the plea agreement had been breached, his motion was untimely, and he failed to demonstrate good cause to excuse his procedural defects. *Id*. at 14. The Nevada Supreme Court also agreed with the district court that to the extent that French challenged the computation of his sentences, the claim must be raised in a state postconviction habeas corpus petition and could not be raised in a petition that also challenged the validity of the judgment. *Id*. Remittitur issued on January 6, 2015 (ECF No. 7, p. 17; ECF No. 12, p. 17).

French dispatched his two federal habeas petitions for mailing on January 23, 2015 (ECF Nos. 7, 12). This court consolidated the cases (ECF No. 5). In their answer, respondents assert that French's sentences are structured correctly (ECF No. 19).

**Legal Standards & Analysis**

**Antiterrorism and Effective Death Penalty Act (AEDPA)**

Generally, 28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of federal habeas petitions:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

3

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Here, respondents point out that French never filed a state postconviction petition challenging the computation of the sentences, and therefore, he never fairly presented this claim to the Nevada state courts (ECF No. 19, p. 3). Thus, respondents answer the claim pursuant to 28 U.S.C. § 2254(b)(2), which allows this court to deny federal habeas relief on an unexhausted claim. *Id*.

**Instant Petition**

French alleges that the plea agreement and the judgments of conviction reflect that he should serve seven 24 to 60-month terms but instead he is serving eight 24 to 60-month terms. He claims a "breach" of the plea agreement by NDOC due to its incorrect computation of his sentences (*see* ECF No. 16, pp. 6-8).

Respondents state that, at their request, an NDOC Offender Management Division analyst undertook a review of the accuracy of French's sentences, which revealed the following (ECF Nos. 19, 19-1):

The judgments of conviction show that French was sentenced to 9 separate sentences in case C210579, with one of the 9 to be served concurrently. Exh. 4. Thus, he was required to serve the functional equivalent of 8 sentences, 6 sentences of 24 to 60 months and 2 sentences of 12 to 30 months. All of these are consecutive. If the two shorter sentences were conceptually collapsed into a single 24 to 60-month sentence, he would be serving the equivalent of 7 sentences of 24 to 60 months, with minor adjustments made for credits and the possibility of an institutional parole on the first 12

4

to 30-month sentence, potentially shortening those sentences to less than a single 24 to 60 months.

In case C210436, French was sentenced to 8 separate sentences, all of them 24 to 60 months, with one of the 8 to be served concurrently. Exh. 3. Thus, he was ordered to serve the equivalent of 7 sentences of 24 to 60 months.

In an earlier case, case no. C204264, French was granted probation. Subsequently, probation was revoked, and the sentence was reinstated to be served concurrently with the other two sentence groups (*see* exhibit C to ECF No. 20). Thus, respondents provide the screenshots of the computer calculation of the sentences, which show three count I sentences (exhibit 1 to answer).[2]

Accordingly, the NDOC computer screenshots show 18 counts for which sentences were ordered to be served. *Id.* That is to say, 9 + 8 + 1. Two of the counts, those for burglary in C210579 and C210436, are concurrent sentences and two in case C210579 are shorter sentences of 12 to 30 months.[3]

In color, for example when viewed on a computer, concurrent sentences are shown in white font, while consecutive sentences are shown in yellow font. This descriptive appears at the bottom of the screenshot exhibits. In the color screenshots, in the arrows on the far left, the counts for "levels" (column 2) 1.01, 1.02, 1.03, 1.04 and 1.05 appear in white font, meaning they are structured as concurrent sentences. Thus, one can ascertain the concurrent sentences, even in a black-and-white screenshot, by referring to column 2. The level 1 sentences shown here are, in order as structured, for count I in

---

[2] Exhibit 1 to respondents' answer (ECF No. 19) is a screenshot of French's sentence structure. Exhibit 2 is the affidavit of Nancy Flores, a Classification and Planning Specialist with the NDOC Offender Management Division. She certifies that she reviewed French's sentence structure and that exhibit 1 is a true and correct snap shot of the sentence structure.

[3] Respondents acknowledge that because the printouts of the screen shots are not in color, it is much more difficult to discern concurrent and consecutive sentences from the printout than when viewing the sentence structure on a computer.

5

case C210579, count II in case C210579, count I in case C210436, count II in case C210436, and count I in case C204264. These 5 counts were all structured concurrently.

It is not until level 2.01, the use of a deadly weapon enhancement sentence for the first robbery charge in case C210579, that yellow font in the arrows is used. This distinction indicates that the computer program that structures the multiple sentences differentiates between concurrent and consecutive sentences, and that starting with this enhancement sentence, everything that follows is structured consecutively. Level number 2.01 is not structured as a concurrent sentence because it is a separate enhancement sentence requiring additional time to be served in case C210579 (longer than the sentence for any of the count I sentences) that must be served after the two concurrent sentences for count I and the base sentence for count II were served together (or three if one takes into account to sentences for case C204264), because count II has two separate sentences longer in total than any of the sentences for any of the count I sentences (ECF Nos. 19, 19-1).

Respondents, therefore, contend that the NDOC, using its standard computer system and software, correctly structured all of French's sentences. Respondents point out that, with the complexity of the sentences and the fact that paper copies are not color coded, there are multiple areas where French could have erred in setting out his claim.

French has not responded to the answer, likely because he now sees that the NDOC has not erred in structuring his sentence. This court agrees with respondents that it appears that the NDOC has correctly structured the sentences. Accordingly, the petition shall be denied.

**Certificate of Appealability**

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. See 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and rulings in adjudicating French's petition, the court finds that reasonable jurists would not find its determination of any grounds to be debatable pursuant to S*lack*. The court therefore declines to issue a certificate of appealability.

**Conclusion**

**IT IS THEREFORE ORDERED** that the petition (ECF No. 7) is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: MARCH 14, 2018.

*Howard D. McKibben*
_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE